NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUSAN HOWARD, an individual; et al., | No. 15-55465 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-04748-SJO-PJW |
| v. | |
| CVS CAREMARK CORPORATION, a Delaware Corporation; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 7, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges and MOTZ,[***] Senior District Judge.

Plaintiffs appeal the district court's denial of their motion for class

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

certification. We affirm.

"Parties seeking class certification bear the burden of demonstrating that they have met each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011). These requirements are not "mere pleading standard[s]." *Wal-Mart Stores v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The district court must conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23(a) have been satisfied, which may "entail some overlap with the merits of the plaintiff's underlying claim." *Id.*

The district court did not abuse its discretion in holding that Plaintiffs failed to establish commonality, as would be necessary for class certification under Rule 23(a).[1]

The district court did not abuse its discretion in holding that Plaintiffs' proposed method of common proof was insufficient to provide a class-wide answer to the question of whether class members engaged in off-the-clock ("OTC") work.

---

[1] Because we affirm the district court's decision to deny class certification on lack-of-commonality grounds, we need not address the district court's alternative bases for denying certification.

The district court appropriately considered the "persuasiveness of the evidence" regarding the reliability of the Rx Connect data in order to determine whether that data were sufficient to serve as common proof that class members actually worked OTC hours. *See Ellis*, 657 F. 3d at 982; *see also Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 949 (9th Cir. 2011). The court's determination that the data were unreliable is not clearly erroneous. CVS presented unrebutted evidence of data anomalies, evidence of actual and potential sharing of Rx Connect credentials among employees, and evidence that Rx Connect was not even fully implemented in its current form until partway through the class period. Indeed, Plaintiffs never offered evidence—not even as to the named Plaintiffs' own employment— verifying that the Rx Connect entries attributable to specific employees actually reflect OTC tasks they carried out. Although CVS's reliance on Rx Connect data for certain legal compliance and customer service-related purposes may be a reason that the district court *could* have viewed the Rx Connect data as reliable enough to support class certification, that does not mean that it was an abuse of discretion for the district court to find the data insufficiently reliable.[2]

---

[2] Plaintiffs' reliance on cases that allowed statistical sampling and representative testimony to overcome flaws in the proposed method of common proof is unavailing because Plaintiffs have expressly disavowed using sampling to cure any

The district court also did not abuse its discretion in holding that Plaintiffs failed to offer sufficient evidence that a common policy existed to pressure or require employees to work OTC. The record reveals that managers' approaches to approval of overtime varied substantially across stores, as did staffing levels and pressures that may have led employees to work overtime. Plaintiffs failed to offer evidence of an actual, uniform policy or practice of tacitly violating CVS's own official policies of prohibiting OTC work, and rather only offered a few anecdotal examples of individuals who worked OTC in response to workplace pressures at individual stores.

AFFIRMED.

---

defects in the Rx Connect data. *See Jimenez v. Allstate Ins.*, 765 F.3d 1161, 1168 (9th Cir. 2014); *Adoma v. Univ. of Phx., Inc.*, 270 F.R.D. 543, 550-51 (E.D. Cal. 2010).